IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: MALLINCKRODT PLC, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Case No. 20-12522-JTD |

_____

| | | |
|---|---|---|
| RONALD BASS, SR., | : | |
| | : | |
| | : | |
| Appellant, | : | Civ. No. 23-00143-TLA |
| | : | |
| v. | : | |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |

_____

**<u>MEMORANDUM OPINION</u>**


August 21, 2023
Wilmington, Delaware

AMBRO, *Circuit Judge*, sitting by designation.

Appellant Ronald Bass, Sr., proceeding *pro se*, brings an appeal challenging the Bankruptcy Court's order (the "Confirmation Order")[1] confirming the Chapter 11 reorganization plan filed by Mallinckrodt, plc and its affiliates.  Because this Court lacks jurisdiction to hear the appeal, I must dismiss it.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011).  This duty keeps courts from exercising power they do not have.  In the Third Circuit, the rules that set the time within which a bankruptcy appeal must be taken—set out in Bankruptcy Rule 8002 and incorporated in 28 U.S.C. § 158(c)(2)—are jurisdictional.  *See id.* at 111-12 ("Because Section 158 [] specifies the time within which an appeal must be taken—*i.e.*, 'in the time provided by Rule 8002'—that requirement is jurisdictional").  So, if an appellant does not comply with those requirements, a District Court lacks subject-matter jurisdiction to hear his or her appeal and must dismiss it.

Under Bankruptcy Rule 8002(a), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the order being appealed or 14 days after the last timely filed appeal, whichever is later.[2]  Here, the Confirmation Order was entered in March 2022, and the last timely appeal was filed in that same month.  Mr. Bass's notice of

---

[1] *See* D.I. 1, Attachment 1 "Order on Appeal"
[2] The time set in Rule 8002(a) can be extended if a motion described in subparagraph (b) is filed, but no such motions were.

appeal was not filed until January 31, 2023, and so he is much too late. Nor can he save his appeal under Bankruptcy Rule 8002(d)—which allows a bankruptcy judge to extend the time to file an appeal in some circumstances—because he has failed to request an extension within the time periods prescribed by that rule, and in any case it does not apply to appeals of confirmation orders under 11 U.S.C. § 1129.

Thus, I must dismiss the appeal for lack of jurisdiction. Because this Court lacks jurisdiction, Mr. Bass's related Motions for Leave to Proceed in Forma Pauperis and Motion to Appoint Counsel and Expert Services are each denied as moot.